## Sweeney, Appellant, v. Wilkes-Barre.

*Corporations—Electric light companies—Use of street—Equity— Clean hands.*

Where an owner of a lot abutting on a city street drives an iron pipe across and beneath the surface of the street, and conducts a wire through the pipe and leases both pipe and wire to an electric light company whose plant is across the street, and thus obtains for himself and his neighbors on the same side of the street a supply of electricity, and it appears that the electric light company had not obtained the consent of the municipality to the use of the streets, the lot owner has no standing to maintain a bill in equity to restrain the city from interfering with the pipe and wire laid across the street; and if he files such a bill, and before hearing, parts with his title, the bill will be dismissed, both because the plaintiff has no right in the matter after parting with his title, and because he has not brought the suit with clean hands, but for the purpose of subserving the interests of the electric light company.

Argued Oct. 8, 1915.   Appeal, No. 30, March T., 1915, by plaintiff, from decree of C. P. Luzerne Co., March T., 1913, No. 1, dismissing bill in equity in case of Edward A. Sweeney v. City of Wilkes-Barre, et al.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*Edmund G. Butler,* with him *Rush Trescott* and *F. W. Wheaton,* for appellant, cited: Wettengel v. Allegheny County Light Co., 223 Pa. 79; Phœnixville Borough v. Phœnix Iron Co., 45 Pa. 135.

*R. B. Sheridan, Charles F. McHugh* and *John T. Lenahan,* for appellees.

OPINION BY TREXLER, J., March 1, 1916:

Dr. Sweeney and Dr. Mayock, respectively, were the owners of properties on opposite sides of Washington street in the City of Wilkes-Barre. Mayock was furnished with electric light by the Wilkes-Barre Light Co., a corporation duly chartered and authorized to furnish electric light and power, whose plant was situated to the rear of Mayock's property. The corporation had not obtained the consent of councils to occupy the streets of the city. Sweeney with the acquiescence of Mayock drove an iron pipe beneath the surface of the street at a sufficient depth so as not to interfere with any water or gas pipes, and by means of a wire conducted through this pipe, obtained a supply of electricity from the company, for his own use, and also enabled the company to furnish light to other properties along the street. The mayor of the city caused the street to be dug up, and the connection between the properties to be severed. Sweeney now brings this bill in order to compel the city to restore the connection between the properties, and to desist from any further interference with his property in this regard.

Much of the argument was directed to the rights of abutting property holders on public streets, to the use of the streets for purposes which do not interfere with the rights of the public. We do not think that that question requires discussion in the present controversy.

An electric light company cannot obtain the right to occupy the streets of a town by consent of the property

holders; it must obtain the consent of the city councils. Act of May 8, 1889, P. L. 136, Section 2. An examination of the testimony shows that the pipe put in by Sweeney was leased by him to the company; that through it Sweeney's house and office was supplied, and also a club house next door, and it was the intention, as stated in the bill to supply "such neighbors with electric light and power, who might request the same." The testimony clearly warranted the inference that the real plaintiff in the case was not he whose name appeared on the record, but the electric light company, who not having obtained the consent to use this street, sought through the rights belonging to the abutting property owners and by using them as intermediaries, to obtain for itself the means of occupying the streets, without complying with the requirements of the statute. Considering the testimony in every aspect, we cannot avoid the conclusion that the laying of the pipe was not for the purpose of exercising any rights of the owners of the fee, but was purely and simply the act of the company to gain access to the opposite side of the street, in order to supply its customers with electric light and power. It was seeking to accomplish its purpose in a manner not contemplated by law. The court was right in not aiding it in this project.

Furthermore, it appears that the plaintiff parted with the title prior to the hearing. He has therefore no rights in this matter, and cannot demand relief. The situation of the parties at the time of the decree and not at the commencement of the suit is the criterion: U. S. Brick Co. v. Middletown Brick Co., 228 Pa. 81 (86). A number of matters are referred to in appellant's brief, and some of the conclusions reached by the lower court are vigorously attacked, but we think the lower court was right in coming to the conclusion it did, based upon the finding that the proceedings were not brought by the plaintiff "with clean hands, having a bona fide purpose to secure benefit for the property whereof his ownership

has been divested, but with covert purpose to subserve the interest of the corporation, the Wilkes-Barre Light Company, by aiding its circumvention of the municipality."

Decree affirmed.